### SHORTLAND BROS. CO. v. CITY OF NEW YORK.

(District Court, S. D. New York. October 20, 1903.)

1. COLLISION—STEAM VESSELS ON CROSSING COURSES—CHANGE OF COURSE.

As the tug Watt was coming up East river on a flood tide a short distance from the end of the piers on her starboard hand, the Boody came out of her slip, but, instead of keeping her course and speed and crossing ahead of the Watt in accordance with the ordinary rule, she signaled her intention of passing on the Watt's starboard side, but came out at such fast speed that, before she could execute the maneuver, she was in the course of the tug, and a collision resulted. *Held* that, if she undertook to change the ordinary course which she was expected to take, it was her duty to navigate cautiously, and that she was solely in fault for the collision.

In Admiralty. Suit for collision.

Mr. Forrester, for libelant.

Mr. Kindleberger, for respondent.

HOLT, District Judge (orally). I think that these vessels, when they first saw each other, were on crossing courses, and it was the business of

the Watt to keep out of the way, and of the Boody to hold her course and speed, unless she gave a different direction. If she undertook to change the ordinary rule of passing to the right, she ought to use correct judgment to do it. She did decide to change, and, instead of holding her course, and passing to the right, she gave the signal of two whistles to pass to the left. She came out very fast, and the Watt was coming up on a strong flood tide, and couldn't maneuver as safely as the Boody coming out against the tide. It was the duty of the Boody not to come out fast, as there was a vessel coming up with the tide close off the mouth of the slip. She should have come out cautiously. If they were far enough apart so that she could come out at full speed, she was either bound to follow the usual rule, or, if she decided to sound two whistles and go on the other side, she was bound to have room enough to do it. The strong flood tide brought the Watt upon her, and at the last minute she backed, as they usually do when collision is inevitable. It isn't of much consequence what they do when they are right on one another. The question is whether the maneuvers are properly taken when they first see each other; and it seems to me from that point of view that the Watt was not guilty of any fault, and that the Boody was guilty of fault—that is, she elected to pass on the starboard side of the tug; and, if she changed the regular course that the other vessel expected her to take, and instead of holding her course and speed and allowing the other vessel to pass behind her, she determined to take the other course, and go the other way, she did that at her own risk.

My opinion is there should be a decree for the libelant, with the usual order of reference to ascertain the damages.